IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TRACY ERROL COURTNEY,         )
                              )
        Plaintiff,            )
                              )
v.                            )     No. CIV 20-420-RAW-SPS
                              )
L. CLARK, et al.,             )
                              )
        Defendants.           )

**OPINION AND ORDER**

On March 25, 2021, Plaintiff was directed to submit an amended complaint in accordance with the Court's instructions (Dkt. 8). The amended complaint (Dkt. 9), however, fails to comply with the requirements for submitting a proper amended complaint. The Court, therefore, finds Plaintiff must file a second amended civil rights complaint.

Within twenty-one (21) days of the entry of this Order, Plaintiff must file a second amended complaint on this Court's form. **The second amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document.** *See* Fed. R. Civ. P. 10(a). Additional sheets of paper may be attached if necessary. Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

**The second amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant.** *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state

agency is inadequate to state a claim. Plaintiff must go further and state how each named defendant's personal participation violated his constitutional rights by making clear *who* is alleged to have done *what to whom*. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The second amended complaint will completely replace the original complaint and the first amended complaint, rendering the previous complaints of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The second amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original or first amended complaint or exhibits. *Id*. Pursuant to Local Civil Rule 5.2(a), the second amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins that are a minimum of one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing a second amended complaint.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days a second amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing a second amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 13th day of April 2021.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma